UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENNIE RAY BROWN,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>D.A. GARRETT HAMILTON, et al.,<br><br>　　　　　Respondents. | 1:04-cv-05134-REC-TAG HC<br><br>ORDER VACATING REPORT AND RECOMMENDATION FILED DECEMBER 6, 2004, RECOMMENDING DISMISSAL OF PETITION FOR FAILURE TO PROSECUTE (Doc. 14)<br><br>ORDER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE DISMISSED FOR LACK OF EXHAUSTION OR, IN THE ALTERNATIVE, TO FILE AN AMENDED PETITION<br><br>ORDER DIRECTING CLERK OF COURT TO SERVE DOCUMENTS |

　　　Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

　　　A.  Report and Recommendation filed December 6, 2004.

　　　On December 6, 2004, the Magistrate Judge assigned to the case filed a Report and Recommendation recommending that the petition for writ of habeas corpus be DISMISSED due to Petitioner's failure to prosecute.  (Doc. 14).  The Report and Recommendation was served on all parties and contained notice that any objections were to be filed within thirty (30) days from the date of service of that order.  On January 31, 2005, Petitioner filed objections to the Report and Recommendation.  (Doc. 24).  Petitioner again filed objections on February 25, 2005.  (Doc. 30).

The Report and Recommendation recommended dismissal of the instant Petition because more than sixty days had elapsed since Petitioner's mail had been returned to the Court and Petitioner failed to notify the Court of any change of address. (Doc. 14, p. 2). In his objections, Petitioner asserts that his address of record had been his mother's residence, but that she had died. (Doc. 30, p. 6). Following his mother's death, Petitioner and his sister had a disagreement about the disposition of their mother's home, resulting in difficulties for Petitioner in obtaining mail sent to his mother's house in his name. (Id.). Additionally, on November 28, 2004, Petitioner was arrested in Bakersfield and has remained in custody since that time. (Id. at p. 9).

Based on the foregoing, the Court finds good cause for Petitioner's failure to prosecute during the period referred to in the Report and Recommendation of December 6, 2004. Therefore, the Court will vacate said Report and Recommendation.

B. Order to Show Cause dated June 21, 2004.

On June 21, 2004, the Court issued an Order to Show Cause requiring Petitioner to respond within thirty days to explain why the Petition should not be dismissed for mootness and lack of exhaustion. (Doc. 10). At the time, Petitioner was not in custody, and hence the Court was concerned about the mootness of a habeas corpus petition predicated upon unconstitutional confinement. Since Petitioner is currently confined, mootness is no longer a concern to the Court.

However, the June 21, 2004, Order to Show Cause also required Petitioner to show cause why the Petition should not be dismissed for failure to exhaust his state remedies. The pertinent portion of that Order is set forth as follows:

> "A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).
>
> A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis.

///

Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir. 2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir. 1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted).  If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366.  Recently, the Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000).  Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added)."

The Court's Order to Show Cause then explained the shortcomings in the instant Petition as follows:

> "It appears that Petitioner has not presented his ground for habeas corpus relief to the state court, up to and including the California Supreme Court.  If Petitioner has not presented this claim for relief to the California Supreme Court, the Court must dismiss the petition. See Calderon v. United States Dist. Court, 107 F.3d 756, 760 (9th Cir. 1997) (en banc); Greenawalt v. Stewart, 105 F.3d 1268, 1273 (9th Cir. 1997).  It is possible, however, that Petitioner has presented his claim to the California Supreme Court and simply neglected to inform this Court.  Thus, Petitioner must inform the Court if his claim has been presented to the California Supreme Court and, if possible, provide the Court with a copy of the petition filed in the California Supreme Court, along with a copy of any ruling made by the California Supreme Court.  Without knowing what claims have been presented to the California Supreme Court, the Court is unable to proceed to the merits of the petition."

(Doc. 10, pp. 2-4).

To date, Petitioner has never responded to the Court's Order to Show Cause. Petitioner requested and was granted a single extension of time until September 20, 2004, within which to file his response, based upon the death of his mother. (Docs. 11, 12). The Court is prepared to presume that the difficulties associated with the death of Petitioner's mother and the ensuing problems with Petitioner's sister, together with Petitioner's arrest in November 2004, combined to prevent Petitioner from either filing a response to the Order to Show Cause or seeking additional time to file such a response. Therefore, the Court will grant Petitioner thirty days from the date of the service of this Order to file an amended petition that satisfies the Court's concerns about whether Petitioner has exhausted all of his state court remedies prior to filing the instant Petition or provide a response to the Order to Show Cause that explains when and in what state courts Petitioner has exhausted the claims in the instant Petition.

The Court also notes that the June 21, 2004, Order to Show Cause explained to Petitioner that he must properly fill out the form habeas corpus petition by providing the information requested in the body of the petition, and not simply attaching documents to a blank petition. (Doc. 10, p. 4). Moreover, the Order pointed out that Petitioner need not lay out extensive factual details surrounding his alleged constitutional violations. (Doc. 10, p. 5). Rather, the petition should be short and to the point, containing only necessary facts. Including a narrative of unnecessary facts and extensive legal arguments at this stage of the proceedings unduly burdens the Court with sorting through voluminous information to identify Petitioner's core issues and claims, a process that requires additional time, effort, and resources from the Court. If Petitioner files an Amended Petition, the Court expects him to heed these admonishments.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. The Report and Recommendation issued December 6, 2004, (Court Doc. 14) is VACATED;

///

///

2. Petitioner is ORDERED TO SHOW CAUSE why the Petition should not be dismissed for failure to exhaust state remedies. Petitioner is ORDERED to inform the Court what claims have been presented to the California Supreme Court within **thirty (30) days** of the date of service of this order;

3. Petitioner may also satisfy the Order to Show Cause by submitting an AMENDED Petition curing the defects referred to above within **thirty (30) days** of the date of service of this Order. The amended petition should be clearly and boldly titled "AMENDED PETITION," contain the appropriate case number, and be an original signed under penalty of perjury. Petitioner should also note that every pleading to which an amendment or supplement is permitted must be retyped and filed so that it is complete in itself without reference to the prior or superseded pleading. Local Rule 15-220;

4. The Clerk of Court is DIRECTED to send Petitioner a blank form Petition for state prisoners filing pursuant to § 2254; and,

5. Petitioner is forewarned that his failure to comply with this order may result in a Recommendation that the Petition be dismissed pursuant to Local Rule 11-110.

IT IS SO ORDERED.

**Dated:   April 22, 2005**            **/s/ Theresa A. Goldner**
j6eb3d                          UNITED STATES MAGISTRATE JUDGE

5