UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENNIE RAY BROWN,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>PEOPLE OF THE STATE OF<br>CALIFORNIA, et al.,<br><br>　　　　　Respondents. | 1:04-cv-05134-AWI-TAG HC<br><br>REPORT AND RECOMMENDATION TO<br>DISMISS PETITION FOR WRIT OF HABEAS<br>CORPUS FOR FAILURE TO PROSECUTE<br>(Doc. 1) |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**PROCEDURAL HISTORY**

On June 21, 2004, the Court issued an Order to Show Cause requiring Petitioner to respond within thirty days to explain why the Petition should not be dismissed for mootness and lack of exhaustion. (Doc. 10). At the time, Petitioner was not in custody, and hence the Court was concerned about the mootness of a habeas corpus petition predicated upon unconstitutional confinement. Since Petitioner is currently confined, mootness is no longer a concern to the Court.

However, the June 21, 2004, Order to Show Cause also required Petitioner to show cause why the Petition should not be dismissed for failure to exhaust his state remedies. (Doc. 10). The Court's Order to Show Cause then explained the shortcomings in the instant Petition as follows:

> "It appears that Petitioner has not presented his ground for habeas corpus relief to the state court, up to and including the California Supreme Court. If Petitioner has not presented this claim for relief to the California Supreme Court, the Court must

dismiss the petition.  See Calderon v. United States Dist. Court, 107 F.3d 756, 760 (9th Cir. 1997) (en banc); Greenawalt v. Stewart, 105 F.3d 1268, 1273 (9th Cir. 1997).   It is possible, however, that Petitioner has presented his claim to the California Supreme Court and simply neglected to inform this Court.  Thus, Petitioner must inform the Court if his claim has been presented to the California Supreme Court and, if possible, provide the Court with a copy of the petition filed in the California Supreme Court, along with a copy of any ruling made by the California Supreme Court.  Without knowing what claims have been presented to the California Supreme Court, the Court is unable to proceed to the merits of the petition."

(Doc. 10, pp. 2-4).

Thereafter, Petitioner requested, and received an extension of time of thirty days to respond to the Order to Show Cause, based on the death of his mother.  (Docs. 11, 12).  Subsequently, on December 6, 2004, when Petitioner had failed to respond within the extended time period, and after more than sixty days had elapsed since Petitioner's mail had been returned to the Court without any notification by Petitioner of any change of address, the Court issued a Report and Recommendation to dismiss the petition based on Petitioner's failure to prosecute the case.  (Doc. 14, p. 2).  The Report and Recommendation was served on all parties and contained notice that any objections were to be filed within thirty days from the date of service of that order.

On January 31, 2005, Petitioner filed objections to the Report and Recommendation.  (Doc. 24).  Petitioner again filed objections on February 25, 2005.  (Doc. 30).   In his objections, Petitioner asserts that his address of record had been his mother's residence, but that she had died.  (Doc. 30, p. 6).  Following his mother's death, Petitioner and his sister had a disagreement about the disposition of their mother's home, resulting in difficulties for Petitioner in obtaining mail sent to his mother's house in his name.  (Id.).  Additionally, on November 28, 2004, Petitioner was arrested in Bakersfield and has remained in custody since that time.  (Id. at p. 9).

Based on Petitioner's representations, the Court found good cause for Petitioner's failure to prosecute during the period referred to in the Report and Recommendation of December 6, 2004, and, on April 25, 2005, withdrew the Report and Recommendation of December 6, 2004.  (Doc. 31). On April 25, 2005, the Court once again issued an Order to Show Cause based on Petitioner's failure to respond to the Order to Show Cause dated June 21, 2005, which raised substantive issues of mootness and exhaustion that would, if established, necessitate the dismissal of the petition.  (Doc.31).

1       Once again, Petitioner requested an extension of time on May 20, 2005.  (Doc. 32).  On June
2 16, 2005, the Court granted in part Petitioner's request for a sixty-day extension by allowing
3 Petitioner an additional thirty days to respond.  (Doc. 33).  On September 8, 2005, Petitioner once
4 again filed a motion for a "continuance," which the Court construed as yet an additional request for
5 time.  (Doc. 36).  On October 25, 2005, the Court granted Petitioner thirty more days to respond.
6 (Doc. 37).

7       The Court received no further communication from Petitioner, and, to date, Petitioner has
8 never responded to the Court's Order to Show Cause of June 21, 2004.

## **DISCUSSION**

10       In determining whether to dismiss an action for lack of prosecution, the Court must consider
11 several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to
12 manage its docket; (3) the risk of prejudice to the Respondents; (4) the public policy favoring
13 disposition of cases on their merits; and, (5) the availability of less drastic alternatives.  Henderson v.
14 Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439 (9th Cir. 1988).  The
15 Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest
16 in managing the docket weigh in favor of dismissal, as this case has been pending since November
17 19, 2003.  The third factor, risk of prejudice to Respondents, also weighs in favor of dismissal, since
18 a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.
19 Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976).

20       The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly
21 outweighed by the factors in favor of dismissal discussed herein.  Finally, a court's warning to a
22 party that failure to obey the court's order will result in dismissal satisfies the "consideration of
23 alternatives" requirement.  Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992); Malone v. U.S.
24 Posatl Service, 833 F.2d 128, 132-133 (9th Cir. 1987); Henderson v. Duncan, 779 F.2d 1421, 1424
25 (9th Cir. 1986).  The Court's Order to Show Cause dated April 25, 2006 stated: "Failure to comply
26 with this order may result in a recommendation that this action be dismissed."  (Doc. 31).  Thus,
27 Petitioner had adequate warning that dismissal would result from his noncompliance with the
28

Court's order.

Here, Petitioner has been given numerous opportunities to provide the Court with reasons why the instant Petitioner should not be dismissed. Yet despite being granted a series of extensions of time in which to respond, and despite the Court's withholding of a recommendation of dismissal for over one calendar year, Petitioner has yet to either cooperate with the Court in moving the proceedings forward or to comply with the clear orders and directions of this Court regarding the issues of mootness and exhaustion. In light of the foregoing, the Court has no alternative but to recommend dismissal of this petition.

## **RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that this action be DISMISSED for Petitioner's failure to prosecute. This Report and Recommendation is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fifteen (15) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Report and Recommendation." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  **February 12, 2007**                                  **/s/ Theresa A. Goldner**
**j6eb3d**                                                               UNITED STATES MAGISTRATE JUDGE